## ROSADO *v.* ROSADO.

### APPEAL from the District Court of Mayagüez.

#### No. 637.—Decided April 25, 1911.

ALLEGATIONS—DEMURRER—LACK OF CAUSE OF ACTION—APPEAL.—Although no demurrer has been taken to the complaint in the court below, nevertheless, if the facts stated therein should not be sufficient to base a judgment upon them, such question may be considered by the appellate court, notwithstanding there are cases where a complaint may be held sufficient because of the lack of a demurrer, whereas, if demurred to, it would have to be pronounced insufficient.

ID.—NULLITY OF CONTRACT.—Where the allegations of fraud, in a complaint bearing upon the nullity of a contract, are so vague and set forth in such terms that they are not sufficient for the purpose of taking evidence thereon or to serve as basis for a judgment, but, on the other hand, the absence of a consideration appears clearly and explicitly alleged, this reason is sufficient for concluding that the complaint shows a cause of action.

ID.—DECEIT—FALSITY OF CONSIDERATION.—Should the facts alleged and the evidence produced show that one of the parties to a contract gave his consent through ignorance or error and that there existed no consideration in said contract, the nullity thereof must be declared.

ID.—ESSENTIAL REQUISITES TO ALL CONTRACTS.—The essential elements of all contracts may be the subject of investigation and evidence at a trial for the purpose of determining the existence and consequent validity of the contract, and, therefore, where one party confesses having received the purchase money in a contract executed by public document, the existence of the consideration in said contract may, nevertheless, be investigated and evidence taken tending to establish the falsity thereof.

ID.—DOCTRINE OF ESTOPPEL.—The doctrine of estoppel, which prevents one party from contradicting his own acts when others have acted by virtue of them to their own detriment, is not applicable to the admission of the vendor with respect to the receipt of the purchase money in a contract executed by public document, so as to prevent him from contradicting his admission and contesting the existence of the consideration.

ID.—EXTRINSIC EVIDENCE.—The admission of extrinsic evidence with respect to the execution of a contract is proper in cases where the validity thereof is sought to be contested, as when the lack of a consideration is alleged.

ID.—FRAUDULENT CONTRACTS.—Although the grantor of a contract in fraud of creditors cannot invoke the aid of the courts of justice to annul the conveyance which he made of his property and compel the vendee to return the property thus acquired, however, for the court to refuse to intervene and leave the parties in the situation in which their own fraud has placed them, it is necessary to prove the real and effective existence of the credits which the vendor had sought to defraud.

The facts are stated in the opinion.

*Messrs. Martín Travieso and José Ramón Freyre* for the appellant.

*Mr. José E. Benedicto* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court,

This suit was instituted in the District Court of Mayagüez to set aside and annul a deed of conveyance made by one sister to another for want of consideration and fraud. On August 27 last the court rendered judgment in favor of the plaintiff in the following terms:

"In this case the plaintiff, Josefa Rosado y Casas, appears as selling to the defendant, Carmen Rosado y Casas, the rural property described in the complaint. The plaintiff asserts that, notwithstanding having admitted before the notary, Riera Palmer, that she had received the amount ·specified in the deed as the purchase price, it is a fact that said payment was never made by the purchaser. The allegations of the complaint have been fully proven. The evidence introduced is plain and strong; the plaintiff shows herself to be a simple and completely ignorant woman, as can be inferred from her manner of testifying and her behavior in court. We have carefully considered this case and we have several times felt ourselves perplexed in our desire to do justice and to comply strictly with the requisites of the law. Fortunately, we have come across a judgment of the Supreme Court of Spain of June 6, 1899, in a case which is very similar to the case at bar, establishing a doctrine which we may apply herein without any misgivings whatever. Equity and justice require a judgment in favor of the plaintiff, and we so decide, without, in our judgment, ourselves deviating from the legal .provisions which it is our strict duty to obey."

Therefore, considering that the error which invalidates the consent in a contract must necessarily refer to the substance of the thing which may be the object of the contract, as provided in the Revised Civil Code, and as the court is of the opinion, from the result of the evidence, that Carmen Rosado y Casas did not deliver to her sister, Josefa Rosado y Casas, the purchase price which appears in the deed of sale as having been previously received, ·said public document having been executed at the request of the defendant,

and setting forth a simulated contract to which the supposed vendor, through error and ignorance, gave her consent; and it being evident that there was an error in regard to the same, essentially affecting the substance of the thing which was the object of said contract, we deem it proper to declare the said deed to be null and void.  Judgment of the Supreme Court of Spain of June 6, 1899.

"For the foregoing reasons the court declares null and void the deed of January 2, 1909, executed by the litigants, in which it appears that Josefa Rosado y Casas sold to her sister, Carmen Rosado y Casas, the rural property described in the complaint, ordering that the registration of said deed in the registry of property in favor of the defendant, Carmen Rosado y Casas, be canceled and that the proper writ to that effect be issued, and that the plaintiff, Josefa Rosado y Casas, be given possession of the property as its lawful owner, with costs against the defendant."

In her brief the appellant sets forth five errors alleged to have been committed by the trial court, which are literally as follows:

"We allege, in the first place, that the complaint filed by Josefa Rosado y Casas against Carmen, of the same surnames, relating to nullity of contract, does not adduce sufficient facts to constitute a cause of action.

"We allege, in the second place, that the evidence heard at the trial of this case on August 23, 1910, is not sufficient to support the judgment rendered by the court on the 27th day of the same month; said evidence being, besides, insubstantial and of a contradictory character.

"We allege, in the third place, that the lower court committed an error upon allowing the plaintiff to deny at the trial that she had received the purchase price after she had made a statement to that effect in the presence of the notary public who executed the deed, in spite of the observation made by said official to the contracting parties that: 'After the receipt of the purchase price has been acknowledged no exception can be taken against the certainty of said acknowledgment, even though it should appear afterwards that the statement concerning the delivery of the price was entirely or partially false.'

"We allege, in the fourth place. that the court committed an error

upon admitting extrinsic evidence tending to alter, change, or modify the terms of the written contract, inasmuch as said evidence did not tend to show the existence of an independent collateral contract concluded in the same act and shown by sufficient evidence of the execution of the deed.

"We allege, in the fifth place, that the court committed an error upon rendering judgment in the manner and form in which it was done; for, if it appeared from the complaint and from the testimony of the witness, Miguel Castro, that the sale had been made in order to avoid reclamations of just debts, the court should not have rendered assistance to the plaintiff and should have left the parties in the situation in which they were prior to the filing of the complaint, for absolute want of action between themselves, owing to the fact that the aforesaid contract is a contract against the administration of justice."

Let us take them up for discussion in their regular numerical order, as is done both by the appellant and the respondent, which, by the way, is a practice much to be commended, as it simplifies the issues involved in the cases presented here and aids the court materially in their solution.

Then *first* let us see if the complaint sets out facts sufficient to constitute a cause of action. After the formal introduction it alleges (*a*) the delivery of the deed before the notary purporting to convey the 72 acres of land from plaintiff to defendant.

(*b*) That it appears from this document that the sale was made for the price of $1,600, a sum which is admitted therein to have been received from the vendee by the vendor before the deed was made.

(*c*) That the deed was not a valid one, being without consideration inasmuch as the price was never paid nor was any promise of remuneration passed; although it is confessed therein that the price had been paid, a formula which was used by mutual consent for the reason therein stated.

(*d*) That the parties had lived harmoniously together, the plaintiff being accustomed to follow the advice of the defendant as her elder sister of greater experience, and

under her moral influence she was persuaded to place the property in her sister's name, the latter showing, among other reasons, that she should do this in order to avoid the event that she might lose the land, and promising her that when the danger was past she would restore her the property.

(e) That the land is rented to Blás Ramírez, with a promise to sell the same to him.

(f) That recently the defendant claims that the land is her exclusive. property and that plaintiff has nothing to do with it, since her sister has paid therewith certain debts which Guillermo Quiñones, the deceased husband of plaintiff, owed; and she has also had the intention to take her by surprise, proposing to give her a certain sum against a carefully drawn receipt or private document.

(g) And that aside from this no contract existed with a similar object; that it is true that there were some small debts owing by the plaintiff's deceased husband, but these were paid by her with funds which he left her and the land in question was adjudged to her among other property.

(h) That by the acts of the defendant the plaintiff has been left in great distress, which appears to be the point to which she is desirous of bringing the plaintiff.

(i) Wherefore, plaintiff. prays for a cancellation of the deed of conveyance and the registration of the same, and so forth.

No exception was taken to the petition on the trial; still if it is altogether insufficient to support a judgment we can consider that question on appeal. Though many a complaint would be deemed sufficient in such a case which would not prevail over exceptions properly presented and urged in the trial court. (See *López* v. *American Railroad Company,* decided by this court June 28, 1906.)

The fraud. complained of is very vaguely alleged, and even the undue influence of the defendant exerted by the defendant over the plaintiff is not set forth in very explicit terms. The fraud is not sufficiently alleged to admit proof

or to sustain a judgment rendered on that account. (*Fernández* v. *Moral,* decided by this court May 10, 1910; sec. 1237, Civil Code.) But the want of consideration is charged plainly and explicitly. Then it is to this ground that we must confine the plaintiff in her efforts to annul the conveyance.

This ground alone is sufficient to support a cause of action and sustain the judgment rendered. Then we cannot concede the first error assigned, and must hold the facts alleged to be sufficient.

In the *second* place, is the proof presented by the plaintiff on the trial sufficient to support the judgment rendered? The following are the material facts proven:

"From the declarations made under oath during the trial by the plaintiff, Josefa Rosado, and by the witnesses, Blás Ramírez, Rafael Maranges, Raimundo Ortiz, and Miguel Castro, introduced by the said plaintiff, it appears that the following facts were fully proven:

"That the deed of conveyance of the said property in favor of the defendant was executed by mutual agreement between the two sisters, owing to the persistence of Carmen, who constantly threatened Josefa with supposed creditors and law suits, through which she would lose the property if she did not make the transfer.

"That no price whatever was mentioned in the said contract.

"That Carmen Rosado has no means; that she supports herself by the profit derived from a *ventorillo* (a petty business in bananas, oranges, etc.), which, according to the testimony of the witnesses, Blás Ramírez, may be worth four, six or seven dollars; and that she has no money to purchase the property.

"That Mrs. Josefa Rosado has been reduced to poverty, as the only thing she had was $250 annually derived from the lease of the said property, which sum her sister Carmen has also taken away from her."

These facts are clearly stated by the several witnesses and whatever slight contradictions may appear they are not material nor do they amount to enough to throw any doubt over the testimony. It is true that it is not alleged in so many words that the plaintiff was prevailed upon through

her ignorance and under an error to make the deed which she seeks to set aside, but the facts alleged show this to be the case and the proof justifies the court in reaching such a conclusion, and it was clearly proven that no money or other valuable consideration passed between the parties as a consideration for the conveyance of the land from one sister to the other. So the second assignment fails of support in the record.

*Thirdly,* did the trial court err in permitting the plaintiff to deny having received the purchase money named in the deed after having admitted the same in the presence of the notary at the making of the instrument and in spite of the recital therein that: ''After the receipt of the purchase price has been acknowledged, no exception can be taken against the certainty of said acknowledgment, even if it should appear afterwards that the statement concerning the delivery of the price was entirely or partially false?''

The doctrine of estoppel cannot be invoked in this case. An estoppel exists where one party makes a representation of a fact as existing and the other party giving credence thereto acts upon it to his detriment, then the first party will not be permitted to deny the allegation first made. Such is not the present case. If there was no money paid by the vendee to the vendor the latter knows this to be the case, and no act of hers was founded on any such representation. There is no estoppel. It is declared in our Civil Code (section 1242) that contracts without consideration have no effect whatsoever; and that the statement in a contract of a false consideration (section 1243) renders it void altogether. And section 1244 of the Civil Code permits proof contradicting the existence of a consideration which may support a contract. And it is further declared in section 1245 of the Civil Code that:

''Contracts shall be binding, whatever may be the form in which they may have been executed, provided the essential conditions required for their validity exist.''

Then clearly it is permitted to inquire into the existence of the essential conditions of a contract, one of which is the existence of a sufficient consideration. It would be strange indeed if the law deemed a contract void for a false consideration expressed therein and then should not permit proof to be made of its falsity. The civil law, as set forth in our code, in this particular does not differ materially from the common law, which has always permitted the want of·a sufficient consideration, though one is expressed in the written instrument, to be shown on the trial.

Then the trial court did not err in permitting plaintiff to deny that any money passed between the parties and to sustain this denial by proof.

*Fourthly,* let us inquire whether or not the trial court committed an error in admitting extrinsic evidence tending to alter, vary, or modify the terms of the written contract. A careful examination of the record will show that the evidence introduced was to prove the falsity of the consideration expressed in the contract, which was legitimate. It may be likewise inferred that the purpose of such evidence as was used on this point was to show an agreement between the parties by which the defendant was obliged to restore the property to the plaintiff as soon as the peril which was supposed to exist was past.

The Law of Evidence, in section 25, permits the introduction of extrinsic evidence when the validity of the agreement is the fact in dispute. That is the case in the present litigation. It is contended here that the deed of conveyance attacked is void for want of consideration, and the very purpose of the present suit is to set it aside for that reason.

This Supreme Court has already established its jurisprudence in regard to this particular.

In the case of *El Banco Español de Puerto Rico* v. *Bolivar et al.* it appears that several properties and credits were sold for the amount of $63,000, the payment of which was attested by the notary public who legalized the document. In the

lower court the testimony of witnesses was offered and admitted in order to prove the falsity of the consideration.

In the judgment of May 23, 1904, this honorable court, upon deciding the appeal in the same case, said:

"Concluding that inasmuch as the contract is based on a consideration which the evidence has shown to be false, and as the defendants have not even made an attempt to prove that said contract was based on another consideration which was a real and lawful one, as was incumbent upon them to do, it must be admitted that said contract is null and void, and does not produce any effect whatsoever." (7 P. R., 68.)

In a like case, to wit, *Alonso del Río* v. *Saturnino Sastre et al.*, this court decided, on June 22, 1905, that inasmuch as it had not been proven that Sastre had any means wherewith to purchase the property sold to him, the contract was null and void for want of consideration or payment of the price. (9 P. R., 174.)

Then it may be considered as well established that the consideration in a deed of conveyance may be attacked in a suit to nullify the same and evidence introduced to show that no money passed between the parties thereto.

Then in the *fifth* place, and in fine, we may say that the court properly rendered judgment in favor of the plaintiff and that the last error assigned was not committed on the trial. It is true enough that when a person makes a fraudulent transfer of property for the purpose of avoiding the payment of his honest debts he cannot compel the vendee to reconvey the property involved by a suit brought in a court of justice. The law leaves the parties to the fraudulent conveyance where it found them, and refuses its aid to afford relief to either of them; hence it is said "*Potior est condition defendentis.*" But in the present case there is no proof whatever that any debts existed against the plaintiff of which she had cause to be afraid or to avoid which she was induced to make the conveyance. Such an argument may have been used to induce the making of the conveyance, but the exist-

ence of the debts was not proven, but was actually disproven, and hence the aid of the courts cannot be denied on that account. The younger sister was the victim of overconfidence in the elder one.

It is not seriously contended by the defendant that the purchase money for the land was ever paid to the plaintiff. If it was a fair and square business transaction evidence of that proposition should have been adduced to that effect. At least the testimony of the defendant should have been given stating that fact. Instead of this we have arguments and objections and the citation of irrelevant authorities which are not what the appellant's case demands in this controversy.

It may be that the allegations of the pleadings are on some points vague and that the evidence is not altogether as clear as noonday, and even that the judgment of the trial court may not be based on entirely proper grounds; still there is sufficient in the pleadings and the evidence to support a judgment in favor of the plaintiff annulling the contract of the sale and, being a just decision, it ought not to be disturbed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro, and Aldrey concurred.